# THE LAW OFFICE OF PETER R.SHIPMAN,ESQ.

**42 Fulton Avenue**                                                                                     **Member: N.Y.,N.J. & Federal Bars**
**Smithtown, New York 11787**                                                                           **Mobile: 516 427 8103**

`                                   July 18, 2022

The Hon. Gary R.Brown
Eastern District of New York
Islip, New York
July 14,2022

RE:   Anticipated Motion by Plaintiff in Adriana Jurcev v Citibank, N.A, 2:22-03754
       Remand of New Suit Back to State Supreme Court

Dear Judge Brown:

    This is a Letter requesting a pre-motion conference in accordance with your Individual Part Rule II(f). This court has recently issued two orders to show cause- first directing the defendant to file a complaint, which it has not. The second directs Plaintiff to do so, and Plaintiff respectfully requests a stay of that order to show cause pending a resolution of Plaintiff's planned motion.

    Defendant Citibank,N.A. *ex parte* filed a Notice of Removal of Action in State Supreme Court (Suffolk County) on June 27,2022 (Docket Entry 1-2)and obviously without either court's judicial review. That Notice of Removal was based upon an alleged "diversity of citizenship". It is fatally defective for multiple reasons.

    The first reason is that the supporting declaration alleges that **simply because** the "articles of association " of Citibank, N.A. names South Dakota as its "main office" that means that Citibank,N.A. is a "citizen" of that state. No" Articles of Association" have been submitted. South Dakota has no usury statute to limit loan interest which is likely the impetus to make that state its nominal headquarters.

    Plaintiff demures to the claim that Citibank, N.A. has "articles of association" labelling South Dakota as its "main office", because that mere recitation has not been the legal test for citizenship of corporations under 28 U.S.C. 1332 for many years (actually,never). The legal test in District Courts for citizenship of corporations for diversity jurisdictional purposes was settled in *Hertz Corp. v Friend,* 559 U.S. 77 ( 2010 ). There the court held that a corporation is a citizen of the state wherein it "maintains its <u>principal place of business</u>", case- defined as "its nerve center", i.e.its <u>important executive functions.</u>

    Defendant Citibank,N.A. is widely recognized throughout the banking industry as maintaining its important executive functions in the City and State of New York. It is so notorious that it is arguably worthy of judicial notice. Nevertheless, several samples of the many exhibits which readily demonstrate such and which Plaintiff will offer upon a motion, if such be necessary, are attached hereto.

Exhibit 1 attached is the **LinkedIn** account of Mr. SUNIL GARG, who was, since March 2021 , the Chief Executive Officer ( "EVP/CEO  ") of Citibank,N.A. That *Curriculum Vitae* shows *he works at* Citibank,N.A.  *"N.Y., U.S.A."* Additionally,it shows that  CEO SUNIL GARG *lives* in Scarsdale, *New York, not South Dakota.*

Exhibit 2 is the print out from the Ms. MARGO PILIC webpage, who  lists her own postal address as the Chief of Staff to the CEO of Citibank,NA. at her place of work as "*399 Park Avenue, N.Y."*

Exhibit 3 is the Federal Form 6 of the Securities Exchange Commission *filed  by Citibank,N.A*. in 2021 which expressly declares, under oath or affirmation, that its headquarters is "388 Greenwich St., NY.,N.Y." Even without an affirmation, such representation of fact would constitute a federal felony for Citibank,N.A.'s  agents to  file  a material falsehood with the federal government.  18 U.S.C. s1001.

When the undersigned  appeared at Citibank,N.A to serve the State Summons in the sprawling  Citibank,N.A. complex surrounding Court Square in Long Island City,N.Y., multiple employees bearing Citibank,N.A. identification tags  identified buildings no. 2,4,5,7 etc. as containing the Law Department and other nerve center and executive offices/functions of Citibank,N.A.  . The *Hertz Corp* decision expressly states that the district courts are not to look to where the defendant's corporation holds its  annual Board Meetings as that  is merely *pro forma* and therefore  *deminimis* in evidentiary weight.  The court  must look only to where the "nerve center" is.  In Citibank,N.A.'s case, that is clearly in the City and State of New York. Accordingly, there is no diversity of citizenship between all plaintiffs (Ms.Jurcev resides in Suffolk County,N.Y.) and all defendants required by the diversity statute   28 USC.1332(a) . Therefore this matter must be remanded to State Supreme Court.

Second, the diversity of citizenship statute  provides  that a defendant may file a Notice of Removal to federal district court ONLY of an action.  However,  what the defendant herein did at bar is bring to this court a mere summons. Docket Entry 1.   F.R.C.P. Rule 3  provides  that an action in the District Court may ONLY be commenced and therefore be extant *when a plaintiff files a Complaint* with the Clerk of the District Court.  Notably, at the time that Citibank,N.A. filed   its Notice of Removal on June 27,2022  there was no Complaint, and even at this  time there is no Complaint. Consequently, as a matter of law, there is no federal action in this court pursuant to F.R.C.P. 3, only  Docket entries and Citibank,N.A. has **not** satisfied the statutory requisites for removal from state court to this court.

Accordingly, assuming *arguendo* that   Citibank,N.A. will rejoinder with copious parsing or even spin on the facts set forth in the attached Exhibits, its Notice of  Removal *fails as a matter of law*, and this matter must be remanded to the state supreme court.

        Respectfully submitted,
        */s/ Peter R. Shipman, Esq.*
        PETER R. SHIPMAN ESQ.  9780